IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JANE DOE, et al., | : | Case No. 1:23-cv-318 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| ARCHDIOCESE OF CINCINNATI, et al., | : | |
| Defendants. | : | |

### ORDER AND OPINION

This matter is before the Court on Defendant Michael Asbeck's Motion for Judgment on the Pleadings (Doc. 11). Plaintiffs filed a Response in Opposition to the Motion (Doc. 12), to which Defendant Michael Asbeck filed a Reply in Support (Doc. 13). Thus, this matter is ripe for the Court's review. For the reasons below, Defendant Michael Asbeck's Motion for Judgment on the Pleadings (Doc. 11) is **GRANTED IN PART AND DENIED IN PART**.

### ALLEGED FACTS

From 2000 to 2021, Plaintiff Jane Doe was an administrative assistant for Defendant Archbishop Moeller High School. (Compl., Doc. 4, ¶¶ 6, 32.) In 2012, Moeller hired Defendant Michael Asbeck to be the athletic director for the school. (*Id.* at ¶ 7.) Relevant to this Order is Asbeck's conduct towards Mrs. Doe while they were both employed by Moeller.

In 2016, Asbeck began subjecting Mrs. Doe to unwanted and unsolicited sexual

advances while on Moeller's campus. (Compl., Doc. 4, ¶ 13.) For example, Asbeck (1) "continually commented on Mrs. Doe's clothing choices and appearance;" (2) "[t]ouched and hugged Mrs. Doe inappropriately, at times when Mrs. Doe was unable to escape;" (3) "[i]nsisted that Mrs. Doe stand closer while working [together];" (4) "[r]eported to Mrs. Doe, in graphic detail, his reaction to her;" and (5) "[s]uggested that Mrs. Doe engage in a sexual relationship with him." (*Id.*) Mrs. Doe consistently and repeatedly denied these advances, and avoided Asbeck in any way possible. (*Id.* at ¶ 14.) But, Asbeck's conduct continued through February 2021. (*Id.* at ¶ 13.)

In September 2020, Asbeck trapped Mrs. Doe in the Moeller athletic office and made sexual advances towards her. (Compl., Doc. 4, ¶ 19.) Mrs. Doe refused, reminding him that there were security cameras in the office. (*Id.*) Asbeck then pulled Mrs. Doe into his personal office, noted that there were no security cameras there, and began kissing and groping her. (*Id.*) Asbeck then described, in graphic detail, the sexual actions he intended to engage in with Mrs. Doe. (*Id.*) Mrs. Doe was eventually able to escape. (*Id.*)

The alleged misconduct did not stop there. In December 2020, Asbeck cornered Mrs. Doe in the Moeller concession stand. (Compl., Doc. 4, ¶ 20.) There, Asbeck taunted Mrs. Doe, stating that there were no cameras in the stand. (*Id.*) Asbeck then trapped Mrs. Doe in a corner of the stand and raped her. (*Id.*) As a result of Asbeck's conduct, Mrs. Doe suffers serious physical and mental issues, including post-traumatic stress disorder. (*Id.* at ¶ 29.)

## PROCEDURAL POSTURE

On April 26, 2023, Mrs. Doe and her husband, John Doe, brought various claims

2

against Moeller, Asbeck, and the Archdiocese of Cincinnati. (*See* Notice of Removal, Doc. 1, Pg. ID 1; Compl., Doc. 4.) Moeller and the Archdiocese removed the action to this Court, with the consent of Asbeck. (*See* Notice of Removal, Doc. 1, Pg. ID 1.)

Plaintiffs' Intentional Infliction of Emotional Distress ("IIED") claim against Asbeck is relevant for purposes of this Order. (*See* Compl., Doc. 4, ¶¶ 62-68.) In that claim, Plaintiffs allege that "[b]y sexually assaulting and sexually harassing Mrs. Doe, Asbeck intended to cause Mrs. Doe emotional distress." (*Id.* at ¶ 63.) Asbeck now moves for partial judgment on the pleadings, arguing that Plaintiffs' IIED claim should be dismissed as time barred. (*See* Motion, Doc. 11.)

## LAW

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a motion under Rule 12(b)(6) for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). The Court construes the complaint in the light most favorable to the plaintiff, accepts all allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Coley v. Lucas Cnty.*, 799 F.3d 530, 537 (6th Cir. 2015). "[T]he plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 722. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, although the Court accepts well-pleaded factual allegations as true, it need not accept "a formulaic recitation of the elements of a cause of action" or "legal conclusions couched as factual allegations." *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 555 (2007) (citation omitted).

## ANALYSIS

Asbeck maintains that Plaintiffs' IIED claim is barred by the one-year statute of limitations for assault and battery claims. (Motion, Doc. 95, Pg. ID 95-99.) In response, Plaintiffs argue that their IIED claim is instead subject to Ohio's six-year statute of limitations for sexual harassment in the workplace. (Response, Doc. 12, Pg. ID 103.)

Plaintiffs' IIED claim is governed by Ohio law. *Exxon Mobil Corp. v. Fenelon*, 76 F. App'x 581, 587 (6th Cir. 2003). Under Ohio law, the statute of limitations for IIED claims is generally four years. Ohio Rev. Code § 2305.09(D). But, "when the acts underlying the [IIED] claim would support another tort, the statute of limitations for that other tort governs the [IIED] claim." *Stafford v. Clever Investigations*, No. 06AP-1204, 2007 Ohio App. LEXIS 4509, at *4 (Ohio Ct. App., Sept. 27, 2007) (citations omitted). "In order to determine the applicable statute of limitations for a particular claim, courts must look to the actual nature or subject matter of the acts giving rise to the complaint, rather than the form in which the action is pleaded." *Id.*

For example, in *Doe v. First United Methodist Church*, the Ohio Supreme Court determined that the plaintiff's IIED claim was based on the same events as his battery claim. 629 N.E.2d 402, 536-37 (1994). In that case, the plaintiff sued his former choir director for sexual abuse. *Id.* at 536. The Ohio Supreme Court found that "the essential character" of the plaintiff's IIED claim "entailed intentional acts of offensive contact." *Id.* at 536. Therefore, the plaintiff's IIED claim was subject to the one-year statute of limitations for assault and battery. *Id.* at 537.

4

Another case is similarly illustrative. In *Johnson v. Cox*, an Ohio appellate court applied *Doe* in finding that an IIED claim based on sexual harassment was subject to the limitations period for a sexual harassment claim, rather than the IIED statute of limitations. No. 96CA622, 1997 Ohio App. LEXIS 1346, at* 10-15 (Ohio Ct. App. Mar. 28, 1997). Important to the court's decision, the relevant harassment occurred in the workplace. *Id.* at *12. So, the Court applied the six-year statute of limitations under Ohio Revised Code § 4112.02(A), which bars sexual harassment in the workplace by employers. *See id.*

Turning back to the case at hand, the Court concludes that the "subject matter" of Plaintiffs' IIED claim relates to underlying claims of both physical assault and sexual harassment in the workplace. As alleged in the Complaint, "[b]y sexually assaulting and sexually harassing Mrs. Doe, Asbeck intended to cause Mrs. Doe emotional distress, or knew or should have known that his actions would result in serious emotional distress." (Compl., Doc. 4, ¶ 63.) As detailed more fully below, the portion of Plaintiff's IIED claim that is based on Asbeck's physical assault of Mrs. Doe is time barred, while the portion of Plaintiff's IIED claim that is based on Ashbeck's sexual harassment of Mrs. Doe may proceed.

I. **Plaintiffs' IIED claim as it Relates to Physical Assault**

Plaintiffs' IIED claim is premised, at least in part, on Asbeck's "offensive contact" with Mrs. Doe. *Doe*, 629 N.E.2d at 536-37. In particular, Asbeck's alleged physical assault of Mrs. Doe in September and December 2020 forms a basis for Plaintiff's IIED claim. (*See* Compl., Doc. 4, ¶¶ 19-20.) This portion of Plaintiffs' IIED claim relates to Asbeck's alleged

5

physical abuse of Mrs. Doe and is, therefore, subject to the one-year statute of limitations for assault and battery. *See Doe*, 629 N.E.2d at 407. The clock begins to run for statutory limitation purposes when the cause of action accrues. *See Smith v. Dolgen Midwest*, No. 2:19-CV-4333, 2020 U.S. Dist. LEXIS 189707, at *6 (S.D. Ohio Oct. 13, 2020). Asbeck's last physical assault of Mrs. Doe occurred in December 2020. (Compl., Doc. 4, ¶ 13.) But, the Complaint was not filed until April 26, 2023. (*See id.*) Accordingly, this portion of Plaintiffs' IIED claim is time barred.

## II. Plaintiffs' IIED claim as it Relates to Sexual Harassment

Plaintiffs' IIED claim is also based on Asbeck's alleged sexual harassment of Mrs. Doe. Asbeck commented on Mrs. Doe's clothes and appearance, described his reactions to her "in graphic detail," and even outright suggested that Mrs. Doe engage in sexual relations with him. (Compl., Doc. 4, ¶ 13.) Asbeck's advances were all unwelcomed. (*Id.* at ¶ 14.) This misconduct partially forms the basis for Plaintiffs' IIED claim (*See* Compl., Doc. 4, ¶ 63), and constitutes a claim for sexual harassment in the workplace. *See Johnson*, 1997 Ohio App. LEXIS 1346, at *10-11. Thus, as it applies to Asbeck's sexual harassment of Mrs. Doe, Plaintiffs' IIED claim is subject to the six-year statute of limitations period under Ohio Revised Code § 4111.02(A). As Asbeck harassed Mrs. Doe until January 2021, this portion of the claim is timely and may proceed.

Asbeck argues that the portion of Plaintiffs' IIED claim based on his alleged sexual harassment still fails for other reasons. First, Asbeck argues that Plaintiffs' allegations of his harassment are too vague and conclusory to support their IIED claim. (Reply, Doc. 13, Pg. ID 111-12.) Asbeck maintains that the Complaint fails to identify "the frequency,

6

nature, substance[,] context, time of occurrence, inappropriateness, or unwelcomeness of any of the alleged conduct." (*Id.* at Pg. ID 112.) But, Plaintiffs are not required to provide such "detailed factual allegations" at the pleading stage. *Twombly*, 550 U.S. at 555. Rather, Plaintiffs must present sufficient allegations to give Asbeck "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* Plaintiffs do just that. The Complaint sets forth specific types of misconduct by Asbeck within the workplace from 2016 to 2021. (*See* Compl., Doc. 4.) These allegations range from Asbeck's comments about Mrs. Doe's appearance to his reactions and expressed sexual desires for her. (*Id.* at ¶ 13.) These allegations are neither vague nor conclusory, and they provide notice to Asbeck of the basis for Plaintiffs' IIED claim.

Next, Asbeck argues that the alleged harassment is not "extreme and outrageous" enough to support a claim for IIED. (Reply, Doc. 13, Pg. ID 112-15.) To establish a claim for IIED, the plaintiff must show, among other things, that the defendant's conduct was so extreme and outrageous "as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Loc. Union 20*, 453 N.E.2d 666, 671 (Ohio 1983). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are insufficient acts to give rise to an IIED claim. *Id.* Determinations on whether conduct is extreme and outrageous is often a fact intensive inquiry. *See Morningstar v. Circleville Fire & EMS Dep't*, No. 2:15-CV-3077, 2018 U.S. Dist. LEXIS 43134, at *57 (S.D. Ohio Mar. 16, 2018).

Courts hesitate to dismiss IIED claims where the allegations could reasonably be inferred to create a basis for extreme and outrageous conduct. *See, e.g., Aker v. New York*

7

& Co., 364 F. Supp. 2d 661, 667 (N.D. Ohio 2005) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (It did not "appear beyond doubt that [the plaintiff] can prove no set of facts that [the] defendant's actions were extreme and outrageous.")). In those cases, the courts founds that an extreme and outrageous determination is more appropriate for consideration once discovery is complete. *See, e.g., Soehner v. Time Warner Cable*, No. 1:08-CV-166, 2009 U.S. Dist. LEXIS 137719, at *6-8 (S.D. Ohio Mar. 17, 2009). However, when reasonable inferences show that the alleged conduct is clearly too minor to be extreme and outrageous, dismissal is appropriate. *See, e.g., Stewart v. Suarez Corp. Indus.*, No. 5:15-CV-1425, 2015 U.S. Dist. LEXIS 164307, at *12 (N.D. Ohio Dec. 8, 2015) (employer did not engage in extreme and outrageous conduct when he terminated an employee and incorrectly suggested to others that the employee was intending to retire).

The Complaint presents sufficient factual content to create a reasonable basis for extreme and outrageous conduct by Asbeck. For five years, Asbeck subjected Mrs. Doe to unwanted, graphic comments about her appearance and his sexual desires for her. (Compl., Doc. 4, ¶ 13.) Despite Mrs. Doe repeatedly denying these advances, Asbeck did not stop. (*Id.*) These sorts of allegations create a reasonable basis for extreme and outrageous conduct. *See, e.g., Soehner*, 2009 U.S. Dist. LEXIS 137719, at *6-8 (allegations pertaining to an employer's continued comments and threats to an employee, which the employer knew caused the employee distress, were sufficient to allow the IIED claim to proceed); *Zimmer v. Ashland Univ.*, No. 00-CV-630, 2001 U.S. Dist. LEXIS 15075, at *36-37 (N.D. Ohio Sept. 5, 2001) (daily comments, suggestions, and physical contact over

8

multiple months created factual question on whether the conduct was extreme and outrageous). Accordingly, Asbeck has not shown that Plaintiffs' IIED claim, as it applies to Asbeck's alleged harassment, fails.

*   *   *

Plaintiffs' IIED claim is premised both on claims of physical assault and sexual harassment in the workplace. The portion of Plaintiffs' IIED claim that relates to Asbeck's alleged physical assault of Mrs. Doe is subject to the one-year statute of limitations for an assault and battery claim. *Doe*, 629 N.E.2d at 536-37. This portion of Plaintiffs' IIED claim has passed the limitations period and can no longer proceed. *See Dolgen Midwest,* 2020 U.S. Dist. LEXIS 189707, at *6. The portion of Plaintiffs' IIED claim that relates to sexual harassment is subject to the six-year statute of limitations for sexual harassment in the workplace. *See Johnson,* 1997 Ohio App. LEXIS 1346, at *10-11. This portion of the claim is timely and may proceed accordingly.

<h2 style="text-align:center">CONCLUSION</h2>

Based on the foregoing reasons, the Court **ORDERS** the following:

1. Defendant Michael Asbeck's Motion for Judgment on the Pleadings (Doc. 11) is **GRANTED IN PART AND DENIED IN PART**;

2. Judgment is **ENTERED** in favor of Asbeck on Plaintiffs' Intentional Infliction of Emotional Distress claim only as it applies to Asbeck's alleged physical assault of Mrs. Doe; and

3. The portion of Plaintiffs' Intentional Infliction of Emotional Distress claim arising from Asbeck's alleged sexual harassment of Mrs. Doe **SHALL PROCEED**.

**IT IS SO ORDERED.**

By: *[signature]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
JUDGE MATTHEW W. McFARLAND